IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Howard C. Chinn <br>     Debtor | CHAPTER 13 |
| VW Credit Leasing, Ltd <br>     Movant <br> vs. | NO. 17-16376 mdc |
| Howard C. Chinn <br>     Debtor | |
| William C. Miller Esq. <br>     Trustee | 11 U.S.C. Section 362 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the loan held by the Movant on the Debtor's vehicle is **$4,121.45,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | November 2017 through March 2018 at $827.60/month |
| Suspense Balance: | $16.55 |
| **Total Post-Petition Arrears** | **$4,121.45** |

2. The Debtor shall cure said arrearages in the following manner;

a). Within ten (10) days of the filing of this Stipulation, Debtor shall tender a down payment of **$2,000.00** towards the above-mentioned arrears.

b). Beginning on April 1, 2018 and continuing through July 1, 2018, Debtor shall pay the present regular monthly payment of **$827.60** on the vehicle (or as adjusted pursuant to the terms of the loan) on or before the **first (1st)** day of each month at the address below:

VW Credit, Inc.
1401 Franklin Boulevard
Libertyville, Illinois 60048

c.) In order to cure the remainder of above-mentioned arrears, Debtor shall also present aninstallment payment of **$353.57** each month beginning on April 1, 2018 through June 1, 2018, followed by a lump sum payment in the amount of **$1,060.74** on July 1, 2018 at the address below:

VW Credit, Inc.
1401 Franklin Boulevard
Libertyville, Illinois 60048

    d.) The Loan matures on July 1, 2018.

3. Should Debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: March 9, 2018

By: /s/ Rebecca A. Solarz, Esquire
Rebecca A. Solarz, Esquire
KML Law Group, P.C.

Date: 3/27/2018

Alan B. Liss, Esquire
Attorney for Debtor

Date: 4/13/18

William C. Miller
Chapter 13 Trustee — no position

*without prejudice to any trustee rights or remedies

Approved by the Court this <u>16th</u> day of <u>    April    </u>, 2018. However, the court retains discretion regarding entry of any further order.

*Magdeline D. Coleman*
_____
Bankruptcy Judge
Magdeline D. Coleman