United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                       Case No. 17-16376-mdc
Howard C. Chinn                                                              Chapter 13
      Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: Antoinett          Page 1 of 1          Date Rcvd: Apr 16, 2018
                               Form ID: pdf900          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 18, 2018.
db         +Howard C. Chinn,   1469 Catlin Way,   Dresher, PA 19025-1035

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 18, 2018                                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 16, 2018 at the address(es) listed below:
        ALAN B. LISS    on behalf of Debtor Howard C.  Chinn bnklaw@aol.com
        JAMES RANDOLPH WOOD    on behalf of Creditor    School District of Upper Dublin
         jwood@portnoffonline.com,   jwood@ecf.inforuptcy.com
        MARY F. KENNEDY    on behalf of Creditor    Citizens Bank of Pennsylvania mary@javardianlaw.com,
         tami@javardianlaw.com
        MICHAEL D. VAGNONI    on behalf of Creditor    Montgomery County Tax Claim Bureau
         michael.vagnoni@obermayer.com,
         Lucille.acello@obermayer.com;jonathan.brennan@obermayer.com;angela.baglanzis@obermayer.com
        REBECCA ANN SOLARZ    on behalf of Creditor    VW Credit Leasing, Ltd bkgroup@kmllawgroup.com
        United States Trustee     USTPRegion03.PH.ECF@usdoj.gov
        WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                                                                                   TOTAL: 7

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Howard C. Chinn | Debtor | CHAPTER 13 |
| VW Credit Leasing, Ltd vs. | Movant | NO. 17-16376 mdc |
| Howard C. Chinn | Debtor | |
| William C. Miller Esq. | Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the loan held by the Movant on the Debtor's vehicle is **$4,121.45,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | November 2017 through March 2018 at $827.60/month |
| Suspense Balance: | $16.55 |
| **Total Post-Petition Arrears** | **$4,121.45** |

2. The Debtor shall cure said arrearages in the following manner;

a). Within ten (10) days of the filing of this Stipulation, Debtor shall tender a down payment of **$2,000.00** towards the above-mentioned arrears.

b). Beginning on April 1, 2018 and continuing through July 1, 2018, Debtor shall pay the present regular monthly payment of **$827.60** on the vehicle (or as adjusted pursuant to the terms of the loan) on or before the **first (1st)** day of each month at the address below:

VW Credit, Inc.
1401 Franklin Boulevard
Libertyville, Illinois 60048

c.) In order to cure the remainder of above-mentioned arrears, Debtor shall also present aninstallment payment of **$353.57** each month beginning on April 1, 2018 through June 1, 2018, followed by a lump sum payment in the amount of **$1,060.74** on July 1, 2018 at the address below:

VW Credit, Inc.
1401 Franklin Boulevard
Libertyville, Illinois 60048

d.) The Loan matures on July 1, 2018.

3. Should Debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:    March 9, 2018                By: /s/ Rebecca A. Solarz, Esquire
                                      Rebecca A. Solarz, Esquire
                                      KML Law Group, P.C.

Date:  3/27/2018
                                      Alan B. Liss, Esquire
                                      Attorney for Debtor

Date:  4/13/18
                                      William C. Miller
                                      Chapter 13 Trustee          — no position

*without prejudice to any trustee rights or remedies

Approved by the Court this  16th  day of _____ April _____, 2018. However, the court retains discretion regarding entry of any further order.

*Magdeline D. Coleman*

Bankruptcy Judge
Magdeline D. Coleman